Kern, Leila R., J.
The plaintiff is before this court on a Motion for Stay of Registration and Dissemination Pending Appeal of a Sex Offender Registry Board’s decision to “default” him for failure to appear at his hearing. In order to obtain a “stay,” the plaintiff must show that he has a substantial likelihood of success on the merits of his claim, and that failure to issue injunctive relief will likely subject the moving party to irreparable harm. Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616-18 (1980). The court may also consider the impact that a “stay” would have on the public interest. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991).
BACKGROUND
Here, the plaintiff failed to appear at the scheduled hearing, although his attorney did appear and was ready to represent the plaintiff. The plaintiff had three months notice of the date of the hearing. The Board ordered that the plaintiff be found to be in “default” for failure to appear at a hearing and began toward dissemination when the plaintiff filed this motion.
The Sex Offender Registry Board’s regulations state: “Failure of the sex offender to appear at the scheduled hearing without good cause shown shall result in the waiver of the right to a hearing . . . and [the final classification] shall not be subject to judicial review.” 803 C.M.R. §1.13(2). The Board may determine whether “good cause” exists by considering: “(a) the amount of time during which the sex offender had advance notice of the hearing; (b) the sex offender’s ability to anticipate the circumstances which resulted in his ability to appear; (c) delay by the sex offender in notifying the Board of his inability to attend the hearing; and (d) the number of previous re-scheduling requests.” 803 C.M.R. §12(2).
DISCUSSION
The plaintiff argues that either the language of the regulations require a “default” only when both attorney and client fail to appear at the hearing; or, that the interpretation of the regulation exceeds the statutory authorization granted to the Board by G.L.c. 6, §178L. The plain language of 803 C.M.R. 1.13(2) requires the sex offender himself to appear at the hearing. That the Board may allow a representative to stand in for the sex offender in some situations does not prevent it from requiring the presence of the sex offender in others, so long as it is not contrary to statute and proper notice is given. Although the applicable statutes specifically address only the waiver of hearing if a sex offender does not timely file a petition for hearing, the Board must be allowed to formulate a procedure to employ when a sex offender does not attend the scheduled hearing, as it has done here.
The plaintiff also argues that the Board failed to make specific findings of fact and deprived the plaintiff of due process rights by not giving proper attention to evidence presented. Based on a reading of the statute, these arguments are without merit as those requirements become necessary only when a hearing is not waived by the plaintiff. See 803 C.M.R. 1.13; Doe v. Sex Offender Registry Bd., 428 Mass. 90 (1998) (discussing burden of proof in Board hearing cases, but silent on need for findings where a plaintiff has waived hearing).
CONCLUSION
Therefore, although a denial of this motion would result in some harm to the plaintiff, based on the fact that the plaintiff received three months notice of the hearing date, there is not a substantial likelihood of success on the merits, and there are strong public safety reasons to require immediate registration and dissemination, the court will deny the plaintiffs motion.
ORDER
Therefore, it is ORDERED that Plaintiffs. Motion for Stay of Registration and Dissemination Pending Appeal be DENIED.